# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1011

CA 12-00595

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

JAQUANDA NERO AND LAQUESHA NERO, INFANTS BY
THE PARENT AND NATURAL GUARDIAN, FELICIA NERO,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

ISAAC KENDRICK, ELIZABETH KENDRICK,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

BURGIO, KITA & CURVIN, BUFFALO (STEVEN P. CURVIN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered December 8, 2011. The order, insofar as appealed from, denied the motion of defendants Isaac Kendrick and Elizabeth Kendrick for a protective order.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Isaac Kendrick and Elizabeth Kendrick (defendants), as limited by their brief, appeal from that part of an order that denied their motion for a protective order. Specifically, defendants sought an order "requiring provision of a report by [Jaquanda Nero (plaintiff)] . . . causally relating an injury to plaintiff's ingestion of lead based paint . . . ." Defendants also sought an order that would allow them "120 days within which to conduct a defense [medical examination] on behalf of the defendants . . . and serve any such reports measured from the date of receipt of a report from an expert retained on behalf of the plaintiff detailing any injuries sustained by the plaintiff . . . as a result of elevated blood lead levels . . . ." In denying defendants' motion, Supreme Court concluded that it was not authorized pursuant to CPLR 3103 to order plaintiff to be examined by an expert. We reverse the order insofar as appealed from and grant defendants' motion.

Trial courts have broad discretion in supervising disclosure (*see Carpenter v Browning-Ferris Indus.*, 307 AD2d 713, 715-716), and CPLR 3103 (a) affords the court the authority to deny, limit, condition or

regulate the use of any disclosure device to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." Here, the protective order sought by defendants was appropriate relief. Defendants had previously sought medical reports from plaintiffs pursuant to 22 NYCRR 202.17 and plaintiffs responded to that request, but none of the material provided contained any information concerning any condition, symptom or problem that plaintiff was experiencing as the result of elevated blood lead levels, "the physical . . . condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 457). Indeed, the plaintiff in a personal injury action is under an obligation both to procure and to produce medical reports relating the claimed injury to the allegations being made in the litigation (*see Kelly v Tarnowski*, 213 AD2d 1054). Furthermore, the court had already issued a scheduling order requiring, inter alia, defendants to conduct a medical examination of plaintiff by a date certain, and we conclude that defendants should not be put to the time, expense and effort of arranging for and conducting a medical examination of plaintiff without the benefit of reports linking the symptoms or conditions of plaintiff to defendants' alleged negligence (*see Adams v Rizzo*, 13 Misc 3d 1235[A], 2006 NY Slip Op 52135[U], 47-48; *see generally Matter of Andrews v Trustco Bank, Natl. Assn.*, 289 AD2d 910, 912-913).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court