Whalen, J.
(dissenting). I respectfully dissent because the majority’s holding imposes unduly burdensome obligations not contemplated by 22 NYCRR 202.17 upon individuals seeking recovery for personal injuries. Contrary to the view of the majority, 22 NYCRR 202.17 does not require a personal injury plaintiff to retain an expert to address the issue of causation and provide the expert’s report to the defendant prior to the defense medical examination of plaintiff.
Pursuant to CPLR 3121, defendants in personal injury actions may require a plaintiff to submit to a medical examination (see CPLR 3121 [a]). The procedures for the examination itself and the exchange of medical records prior to the examination are governed by 22 NYCRR 202.17. Pursuant to paragraph (b) of the regulation, a party submitting to such a medical examination must provide “to all other parties” at least 20 days before the date of the examination “(1) copies of the medical reports of those medical providers who have previously treated or examined the party seeking recovery. These shall include a recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those X-ray and technicians reports which will be offered at the trial, including a description of the injuries, a diagnosis and a prognosis. Medical reports may consist of completed medical provider, workers’ compensation, or insurance forms that provide the information required by this paragraph; (2) duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of all hospital records and such other records, including X-ray and technicians’ reports, as may be referred to and identified in the reports of those medical providers who have treated or examined the party seeking recovery.” In the event that a party fails to disclose the material discussed in paragraph (b), he or she shall generally be precluded from introducing the materials at trial (see 22 NYCRR 202.17 [h]). Likewise, the court will not hear the testimony of any treating or examining medical provider whose medical reports have not been provided (see id.).
*1320 In its holding today, the majority concludes that, under 22 NYCRR 202.17 (b), plaintiff is required: (1) to retain an expert witness to render an opinion that plaintiffs medical conditions are causally related to his alleged exposure to lead-based paint; and (2) to provide that expert’s report to defendants before plaintiff submits to the medical examination sought by defendants. Stated another way, the majority’s holding requires plaintiff to create proof as to the cause of his medical conditions prior to undergoing defendants’ medical examination. Such a requirement, however, is outside the scope of 22 NYCRR 202.17.
Of course, for plaintiff to succeed at trial, he will likely need to retain an expert to review his medical records and render the type of causation opinion contemplated by the majority. However, nothing in the language of 22 NYCRR 202.17 requires plaintiff to make such a disclosure, which is tantamount to an expert disclosure, at this early stage of litigation. Instead, by its plain language, 22 NYCRR 202.17 (b) (1) requires only the disclosure of “medical reports of those medical providers who have previously treated or examined the party seeking recovery” (emphasis added).
First, under 22 NYCRR 202.17 (b) (1), a personal injury plaintiff is required only to provide medical reports from “medical providers.” Although the term “medical providers” is not defined in the regulation or in the CPLR, the term must be reasonably interpreted to mean individuals who render medical services. Indeed, other states have adopted similar definitions in various contexts (see e.g. Or Admin R 436-010-0005 [27], [28] [within context of workers’ compensation, Oregon regulation defining “Medical Service Provider” as “a person duly licensed to practice one or more of the healing arts” and “Medical Provider” as “a medical service provider, a hospital, medical clinic, or vendor of medical services”]; see also Palmer v Caruso, 2009 WL 4251114,1*3 n 2, 2009 US Dist LEXIS 110160, *7n2 [WD Mich 2009] [noting that a policy directive of the Michigan Department of Corrections defines “Medical Service Provider” as “(a) physician, physician assistant or nurse practitioner licensed by the State of Michigan or certified to practice within the scope of his/her training”]). In my view, an expert witness retained to render an opinion as to causation solely for purposes of litigation is not a “medical provider” as that term is commonly understood, and the disclosure of such an expert’s report is outside the scope of 22 NYCRR 202.17 (b).
Second, even if I were to assume that a retained expert witness is somehow a “medical provider” within the meaning of 22 NYCRR 202.17 (b) (1), I would conclude that the regulation *1321 requires a personal injury plaintiff to provide only the reports of medical providers who have “previously treated or examined the party seeking recovery” (emphasis added). Nothing in section 202.17 (b) (1) requires a personal injury plaintiff to create a report that has not previously been generated by one of his medical providers. That interpretation is supported by 22 NYCRR 202.17 (g), which outlines the procedure for a personal injury plaintiffs submission of supplemental reports when the plaintiff “intends at the trial to offer evidence of further or additional injuries or conditions, nonexistent or not known to exist at the time of service of the original medical reports.” Subdivision (g) allows a plaintiff to serve a supplemental medical report “not later than 30 days before trial” so long as the plaintiff makes himself or herself available for an additional medical examination “not more than 10 days” after the service of the supplemental medical report. Although this case does not involve a new injury or condition, I see no basis for allowing a plaintiff to introduce evidence of new injuries after the initial defense medical examination but, at the same time, denying him or her the ability to follow the same procedure with respect to a new expert report.
In this case, the majority relies on our decision in Nero v Kendrick (100 AD3d 1383 [2012]) for its holding. In Nero, this Court reasoned that the moving “defendants should not be put to the time, expense and effort of arranging for and conducting a medical examination of plaintiff without the benefit of reports linking the symptoms or conditions of [the injured] plaintiff to [their] alleged negligence” (id. at 1384). However, our decisions here and in Nero effectively require plaintiffs to incur onerous expert witness expenses at an early stage of litigation out of a concern for the convenience of defendants. Such a requirement will have a chilling effect on personal injury litigation as law firms representing plaintiffs will be hesitant to accept new cases if they are required to retain expert witnesses at the outset of the litigation.
Ultimately, 22 NYCRR 202.17 simply does not address whether a personal injury plaintiff must retain an expert witness to render an opinion on the issue of causation and/or disclose that expert’s report prior to the defense medical examination. Pursuant to 22 NYCRR 202.1 (d), the provisions of part 202, which includes 22 NYCRR 202.17, “shall be construed consistent with the [CPLR], and matters not covered by these provisions shall be governed by the CPLR.” The disclosure of expert witnesses is governed by CPLR 3101 (d), which does not require plaintiffs to provide expert reports prior to defense medical *1322 examinations. For these reasons, I respectfully dissent and would reverse the order insofar as appealed from, based on my conclusion that Supreme Court abused its discretion in granting the motion to compel and denying the cross motion for inter alia, a protective order, thus directing plaintiff to obtain and produce an expert report on the issue of causation prior to the defense medical examination. To the extent that Nero (100 AD3d 1383) holds otherwise, I conclude that the case was wrongly decided.
Present—Scudder, P.J., Peradotto, Carni, Whalen and Martoche, JJ.