■ ZOERB AND COMPANY, INC., Respondent, v YOUNG FIRE EQUIPMENT Co., Appellant, et al., Defendant.—Order unanimously reversed on the law with costs and motion granted. Memorandum: It is clear from the record submitted on this appeal that the mechanic's lien filed by plaintiff expired, at the latest, on April 1, 1983 without further timely continuation by court order.

Section 17 of the Lien Law provides in part: "No lien specified in this article shall be a lien for a longer period than one year after the notice of lien has been filed * * * unless an order be granted within one year from the filing of such notice * * * continuing such lien, and such lien shall be redocketed as of the date of granting such order * * * *No lien shall be continued by such order for more than one year from the granting thereof,* but a new order and entry may be made in each successive year." (Emphasis supplied.)

Notice of plaintiff's lien was initially filed on May 16, 1979. In successive years the lien purportedly was continued by court orders, each of which erroneously continued the lien for a period of more than one year from the granting thereof. Even assuming the validity of the first two orders of continuation, the record demonstrates that the third order continuing the lien was granted on April 1, 1982. While that order purported to continue the lien until May 10, 1983, it could only lawfully do so for a maximum period of one year from the date it was granted. No further order of continuation having been granted on or before April 1, 1983, the mechanic's lien, by operation of law, expired on that date. All orders thereafter granted purporting to continue the mechanic's lien are invalid *(Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090). Since there was no lien when plaintiff commenced this foreclosure action, the complaint must be dismissed. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—dismiss complaint.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.

■ SUSAN J. PLANT, Respondent, v JAMES P. PLANT, Appellant.—Appeal unanimously dismissed without costs *(see,* Family Ct Act § 1112). Were we to reach the merits we would affirm. (Appeal from order of Monroe County Family Court, Affronti, J.—modification of child support.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.