■ RELATED-FALLS BRIDGE LIMITED PARTNERSHIP, Appellant-Respondent, v FALLS BRIDGE PLAZA ASSOCIATES, Defendant, and FALLS GROUP, L.P., et al., Respondents-Appellants—Order, Supreme Court, New York County (William J. Davis, J.), entered April 3, 1991, which, to the extent appealed from, granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and ordered that defendants be compelled to account in equity prior to a legal action, unanimously modified on the law to reinstate the second cause of action of the complaint against those defendants who are not parties to the joint venture agreement between Related-Falls Bridge Limited ("Related") and Falls Group, L.P., and to strike the demand for an accounting, and otherwise affirmed.

Plaintiff is seeking judgment on certain promissory notes which evidence the extension of credit to Falls Bridge Plaza Associates, an entity created under a joint venture agreement between plaintiff and defendant Falls Group, L.P. Defendants Edward D'Angelo, Robert Albano, Edmund Morrison, Joseph Esposito, Sr. and Joseph Esposito, Jr. purportedly are guarantors of payment upon the notes.

The second cause of action set forth in the complaint is alleged solely against the guarantors who are not parties to the joint venture agreement between plaintiff and defendant Falls Group, L.P. Accordingly, such cause of action is not

subject to dismissal under the general rule that partners cannot sue each other at law unless there is an accounting prior to settlement or adjustment of the partnership affairs (see, Lord v Hull, 178 NY 9; Agrawal v Razgaitis, 149 AD2d 390, 391). With respect to the contracting parties, however, we do not accept plaintiff's contention that the transaction at issue may be viewed as wholly separate and apart from the affairs of the joint venture. As set forth on the sample note annexed by defendants in support of their motion to dismiss the complaint, default under the note(s) is defined pursuant to the terms of the joint venture agreement. It is additionally noted that pursuant to paragraph 18.3 of the joint venture agreement plaintiff agreed that the payment of debts and liabilities of the joint venturer, other than debts to plaintiff, in addition to unforeseen liabilities of the joint venture, would take priority over payment of any liabilities which the joint venture may owe to plaintiff. In light of these and other factors, an action of law insofar as it is stated against the joint venture and co-venturer should await the prior settlement or adjustment of the partnership affairs (see, Munyan v Curtis, Mallet-Prevost, Colt & Mosle, 99 AD2d 716). Moreover, inasmuch as the complaint seeks merely money damages and declaratory relief upon the purported promissory note(s) and guarantees and plaintiff has made no demand for an accounting, neither the pleadings nor the papers submitted in support of this CPLR 3211 (a) (7) motion provide adequate notice or a basis to order an accounting in absence of any demand by plaintiff. Accordingly, to the extent that the order would purport to require defendants forthwith to proceed with an accounting such provision is deleted.

We have considered the remaining contentions of the parties and find that they either lack merit or are not properly raised at this juncture of the proceeding. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.