■ DANIEL M. SLEASMAN, Appellant, v KENNETH SHERWOOD et al., Respondents. [622 NYS2d 360] —Mikoll, J. Appeal from an order of the Supreme Court (Best, J.), entered January 13, 1994 in Fulton County, upon a decision of the court in favor of defendants.

Plaintiff, an attorney residing in Albany County, is experienced in handling real estate transactions. He entered into an agreement with defendants to purchase a 30.7-acre parcel of property they owned in the Town of Wells, Hamilton County, containing a single-family home, five cabins and a lake. Land regulations promulgated by the Adirondack Park Agency (hereinafter the APA) designate the area as a moderate intensity use area.

Plaintiff became interested in the property in January 1989 after he was informed by another attorney in his law firm who represented a prospective purchaser that the deal had been canceled because the prospective purchaser could not obtain financing. Plaintiff then reviewed the firm's file, checked with a friend who owned property in Wells and made visits to view the parcel. The contract between defendants and plaintiff was closed on May 8, 1989.

In July 1989, plaintiff discovered loud industrial noises emanating from a rock-crushing operation owned by Edward Hunt and his brother (hereinafter the Hunt brothers) that was located about 1,000 feet from plaintiff's property. Subsequently, by letter dated August 9, 1990, plaintiff informed defendants of the noise condition and that he was stopping payments on the purchase money note he gave defendants until the noise problem could be solved.

Plaintiff commenced this action in January 1991 seeking rescission of the transaction. In an amended complaint, he alleges four causes of action: fraudulent misrepresentation that the property was fit for use as a summer recreational facility, intentionally failing to disclose the existence of indus-

trial noise emanating from the nearby rock-crushing operation, mutual mistake of fact due to the parties' ignorance that the noise existed, and negligent misrepresention that the property was suitable for summer rentals. Defendants, in their answer, counterclaimed for plaintiff's failure to pay on the note.

The issues were resolved by Supreme Court following a nonjury trial. Edward Hunt, owner of the rock-crushing facility, testified that it is located approximately 1,000 to 1,500 feet from plaintiff's property and that there is also a cement plant nearby. The rock-crushing activities are seasonal—from the spring into the fall of each year. There is no mining at the site as stone is trucked in from another location. Plaintiff presented witnesses who testified that excessive industrial noise existed prior to the sale of the subject property to plaintiff.

Defendants, in their testimony, denied that they ever heard industrial noise on the property before the closing and stated that they were not aware that a rock-crushing operation was nearby. Defendants called six witnesses, including former renters of the cabins, who testified that they heard no industrial noise on the property prior to the closing. Defendants contended that any industrial noise occurred after the sale.

Supreme Court found that plaintiff's evidence, which was largely circumstantial, was outweighed by the testimony and credibility of defendants' witnesses and held for defendants, dismissing the complaint and granting judgment on the counterclaim. The court concluded that the noise level on the subject property "at the time of the sale and prior thereto was not loud or unusual and was not a material fact that should have been disclosed to the plaintiff".

To obtain rescission of the sales contract, plaintiff was required to establish by credible evidence that excessive industrial noise was present on the property before or at the time the contract was entered into (March 1, 1989) (see, Rekis v Lake Minnewaska Mtn. Houses, 170 AD2d 124, 130, lv dismissed 79 NY2d 851). It was up to the trier of the fact to resolve the conflicting evidence and we see no reason to disturb Supreme Court's factual findings in favor of defendants.

Plaintiff's argument that Supreme Court abused its discretion in refusing to admit into evidence the noise measurements taken by plaintiff's expert at the boundary of the Hunt brothers' property lacks merit. Supreme Court, which has

broad discretionary power in determining issues of relevancy *(see, Bikowicz v Sterling Drug,* 161 AD2d 982, 986), did not abuse its discretion in concluding that testimony concerning sound measurements taken in 1991 and 1993 were not relevant on the issue of whether excessive noise existed on the subject property in 1989.

Plaintiff's argument that Supreme Court erred in refusing to take judicial notice of the record of the APA proceedings concerning the Hunt brothers, especially those involving the permit the APA issued to the Hunt brothers, is not persuasive. The APA ruling contained findings of fact and, thus, was not a matter of which Supreme Court was required by statute to take judicial notice *(see,* CPLR 4511; *see also,* Richardson, Evidence §§ 21, 23, at 13-16 [Prince 10th ed]; *cf., Chanler v Manocherian,* 151 AD2d 432). Further, the decision to take judicial notice of a fact is discretionary with the trial court *(see,* Richardson, Evidence § 14, at 9 [Prince 10th ed]). Here, where plaintiff's request that Supreme Court take judicial notice of certain APA proceedings is, in reality, an attempt to collaterally estop defendants from litigating facts determined in the APA proceedings relating to the extent of the noise and activities at the Hunt brothers' nearby operations before the sale, it cannot be said that Supreme Court abused its discretion in refusing the request. As defendants were not parties to the APA proceedings, that agency's factual findings cannot be deemed binding on defendants *(see, Gilberg v Barbieri,* 53 NY2d 285, 291-292).

Likewise, plaintiff's request in his brief on appeal that this Court take judicial notice of the entire record on review in the related administrative proceeding involving the Hunt brothers now pending in this Court is denied.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.