■ MELISSA VAN WERT, Appellant, v ELIZABETH RANDALL et al., Respondents. [953 NYS2d 363]—

McCarthy, J. Appeal from an order of the Supreme Court (Hummel, J.), entered March 29, 2012 in Rensselaer County, which partially denied plaintiff's motion for, among other things, a protective order.

From approximately 1994 until 1996, plaintiff (born in 1991) and her family resided in two apartments owned by defendants. During that time period, tests indicated that plaintiff had elevated blood lead levels. In 2009, plaintiff commenced this action seeking damages for neurological injuries she alleges that she sustained as a result of exposure to lead-based paint in defendants' apartments. Following discovery, plaintiff moved for (1) a judicial subpoena duces tecum for production of certified records from the Rensselaer County Health Department, (2) an order granting admission at trial of certain documents created by the Centers for Disease Control and Prevention and the Environmental Protection Agency, (3) an order taking judicial notice of certain legislative findings, statutes and regulations, (4) a protective order preventing defendants' attorneys and experts from making speculative arguments or providing proof regarding alternative, superceding or intervening causes of plaintiff's alleged injuries, (5) an order granting plaintiff partial summary judgment on the issue of liability, and (6) an order dismissing defendants' first, second and third affirmative defenses. Supreme Court signed the judicial subpoena, but otherwise denied the motion. Plaintiff appeals.

Supreme Court properly denied the portion of plaintiff's motion seeking summary judgment on the issue of liability. To establish that a landlord had constructive notice of a hazardous, lead-based paint condition, a plaintiff must show "that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the apartment was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*Chapman v Silber*, 97 NY2d 9, 15 [2001]; *accord Robinson v Bartlett*, 95 AD3d 1531, 1533 [2012]). Defendant Elizabeth Randall testified at her examination before trial that her husband entirely renovated one of the apartments before plaintiff's family moved in, both apartments were freshly painted before any new tenant moved in, the apartments were inspected before plaintiff's family moved in, they would not have passed inspection if peeling or chipping paint had been present, the family lived in each

apartment for a year or less, and Randall never received any complaints about peeling paint conditions. Plaintiff's mother also testified that the apartments were freshly painted before the family moved in. This testimony did not establish as a matter of law that defendants were aware that paint was peeling in the apartments when plaintiff's family lived there, leaving at least a question of fact on that element (cf. *Cunningham v Anderson*, 85 AD3d 1370, 1372 [2011], *lv dismissed and denied* 17 NY3d 948 [2011]). Additionally, plaintiff had elevated blood lead levels as early as 1992, several years before she moved into defendants' apartments, raising questions as to whether lead paint exposure in defendants' buildings was a substantial factor in causing plaintiff's injuries (*see Robinson v Bartlett*, 95 AD3d at 1535). Thus, the court properly denied the portion of plaintiff's motion seeking partial summary judgment.

Supreme Court did not err in denying the part of plaintiff's motion seeking to dismiss defendants' first affirmative defense, namely that plaintiff and her parents contributed to her injuries.* Courts have permitted such a defense where it was alleged that the parents affirmatively caused harm by exposing the child to lead poisoning elsewhere (*see M.F. v Delaney*, 37 AD3d 1103, 1105 [2007]). Similarly, here, the record contains proof that plaintiff had elevated blood lead levels at times when she did not reside in defendants' apartments. Although plaintiff herself is absolved of all liability for her actions while she lived in defendants' apartments, as she was no more than five years old at the time, defendants are permitted to attempt to show that she later caused or exacerbated some of her injuries when she was a teenager, through actions such as smoking cigarettes and marihuana daily and dropping out of school (*see Robinson v Bartlett*, 95 AD3d at 1535; *Cunningham v Anderson*, 85 AD3d at 1372). While the defense may be limited, plaintiff did not meet her burden of showing that the defense lacked merit as a matter of law (*see* CPLR 3211 [b]; *Metz v State of New York*, 86 AD3d 748, 752 [2011]). Thus, the court did not err in denying plaintiff's request to dismiss that defense.

Supreme Court properly denied plaintiff's request to take judicial notice of government publications, statutes and regulations. Rather than outright denying plaintiff's requests, the court deferred a resolution, providing plaintiff an opportunity to establish a foundation for admission at a later time. The court did not abuse its discretion in determining that plaintiff had failed to establish the relevance of the proffered documents and

---

* Defendants withdrew their second and third affirmative defenses, rendering any discussion of them academic.

laws to a trial in this particular case (*see Robinson v Bartlett*, 95 AD3d at 1536; *Sleasman v Sherwood*, 212 AD2d 868, 870 [1995]).

Plaintiff moved for a protective order pursuant to CPLR 3103, but she did not seek relief from discovery abuses as provided in that statute. Instead, she actually sought a motion in limine preventing certain evidence from being raised at trial (*see Matter of PCK Dev. Co., LLC v Assessor of Town of Ulster*, 43 AD3d 539, 540 [2007]). Supreme Court correctly held that the request was overbroad and would have prevented legitimate defenses from being pursued. Accordingly, the court properly denied the request at this time, permitting plaintiff to raise more specific and pointed objections closer to or at the time of trial.

Lahtinen, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.