# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

355

CA 12-01574

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CHRISTOPHER HAMILTON, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

JOHN MILLER, DAVID MILLER, JULES MUSINGER,
DOUG MUSINGER AND SINGER ASSOCIATES,
DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SLIWA & LANE, BUFFALO (STANLEY J. SLIWA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS JOHN MILLER AND DAVID MILLER.

WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (THOMAS E. REIDY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS JULES MUSINGER, DOUG MUSINGER AND
SINGER ASSOCIATES.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 30, 2012. The order, among other things, directed plaintiff to produce certain medical reports.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from his exposure to lead-based paint as a child while residing at various times in rental units owned by defendants. As amplified by his bills of particulars, plaintiff alleged that he suffered 58 injuries as a result of his exposure to lead, including neurological damage, diminished cognitive function and intelligence, emotional and psychological harm, lowered IQ, impaired educational and occupational functioning, behavioral problems, damage to his DNA, and other cognitive and developmental disabilities. Defendants Jules Musinger, Doug Musinger, and Singer Associates (Musinger defendants) moved to compel plaintiff, prior to any physical or mental examinations of plaintiff pursuant to CPLR 3121 (a), to produce any medical reports diagnosing plaintiff with the alleged injuries and causally relating those injuries to exposure to lead, and to provide an amended bill of particulars pertaining to the Musinger defendants to reflect those injuries. In the alternative, the Musinger defendants requested an order precluding proof of plaintiff's injuries if plaintiff failed to produce any such aforementioned medical reports in compliance with 22 NYCRR 202.17 (b) (1). Defendant John Miller

cross-moved for similar relief.  Plaintiff opposed the motion and the cross motion, and in turn cross-moved for, inter alia, a protective order pursuant to CPLR 3103.  Plaintiff also requested that Supreme Court take judicial notice of 42 USC § 4851 pursuant to CPLR 4511.

The court granted the Musinger defendants' motion and Miller's cross motion, ordering that, "in the event the plaintiff fails to produce the aforementioned [medical] report or reports, plaintiff shall be precluded from introducing any proof concerning injuries alleged to have been sustained by the plaintiff", and denied plaintiff's cross motion.  We affirm.

Contrary to plaintiff's contention, we conclude that the court properly denied that part of his cross motion requesting that the court take judicial notice of 42 USC § 4851, i.e., the congressional findings concerning the Residential Lead-Based Paint Hazard Reduction Act of 1992 ([RLPHRA] 42 USC § 4851 *et seq.*).  The RLPHRA requires "the disclosure of lead-based paint hazards in . . . housing which is offered for sale or lease" (42 USC § 4852d [a] [1]), and creates a private right of action in favor of purchasers or lessees who incur lead-related damages (*see* 42 USC § 4852d [b] [3]; *see generally Brown v Maple3, LLC*, 88 AD3d 224, 231-232; *Skerritt v Bach*, 23 AD3d 1080, 1081).  CPLR 4511 (a) provides that "[e]very court shall take judicial notice without request of the . . . public statutes of the United States."  The purpose of that provision is to "obviate the former legal requirement of proving as a fact a foreign statute or law upon which a party [is] rel[ying]" (*Pfleuger v Pfleuger*, 304 NY 148, 151).  Where a statute is not relevant to a particular case, however, a court may decline to take judicial notice of it (*see Van Wert v Randall*, 100 AD3d 1079, 1081-1082; *cf. Corines v Dobson*, 135 AD2d 390, 392).  This case does not involve allegations that plaintiff was a purchaser or lessee of the premises in question or that defendants violated the RLPHRA and, therefore, 42 USC § 4851 is not "a foreign statute or law upon which [plaintiff] [is] rel[ying]" (*Pfleuger*, 304 NY at 151).  The court thus did not abuse its discretion in refusing to take judicial notice of that statute (*see Van Wert*, 100 AD3d at 1081-1082).  Furthermore, the court was not required to take judicial notice of the factual findings contained in section 4851 inasmuch as causation is one of the disputed issues to be determined at trial (*see Robinson v Bartlett*, 95 AD3d 1531, 1536; *Sleasman v Sherwood*, 212 AD2d 868, 870; *see generally Hunter v New York, Ontario & W. R.R. Co.*, 116 NY 615, 621).

We reject the further contention of plaintiff that the court abused its discretion in directing him to produce medical reports diagnosing him with injuries that are causally related to his exposure to lead.  " 'Absent an abuse of discretion, we will not disturb the court's control of the discovery process' . . . , and we perceive no abuse of discretion in this case" (*Marable v Hughes*, 38 AD3d 1344, 1345; *see Giles v A. Gi Yi*, ___ AD3d ___, ___ [Apr. 26, 2013]; *Nero v Kendrick*, 100 AD3d 1383, 1383-1384; *see generally* CPLR 3101 [a]; 22 NYCRR 202.17).

All concur except WHALEN, J., who concurs on constraint of *Giles v*

*A. Gi Yi* (___ AD3d ___ [Apr. 26, 2013]).

Entered:  May 3, 2013                    Frances E. Cafarell
                                         Clerk of the Court