# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

953

CA 12-00885

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

ATASH IMANVERDI AND SHEILA IMANVERDI,
PLAINTIFFS-APPELLANTS,

V                                      MEMORANDUM AND ORDER

BRYAN G. POPOVICI, DPM, INDIVIDUALLY AND AS
AN AGENT, OFFICER AND/OR EMPLOYEE OF BRYAN G.
POPOVICI, DPM, PC, BY AND THROUGH ITS AGENTS,
OFFICERS AND/OR EMPLOYEES,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANT.

---

BOTTAR LEONE, PLLC, SYRACUSE (AARON J. RYDER OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (AMY ARCHER FLAHERTY OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 23, 2012. The order, among other things, directed plaintiffs to produce contents of a Facebook page for in camera review, and denied the cross motion of plaintiffs for a protective order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order that, inter alia, directed plaintiffs to produce contents of a Facebook page for in camera review, denied their cross motion for a protective order and awarded defendant-respondent (defendant) attorney's fees and costs. We affirm. "It is well settled that '[a] trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion' " (*Giles v Yi*, 105 AD3d 1313, 1315). " '[E]very court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action' " (*Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1034, quoting *Liss v Trans Auto Sys.*, 68 NY2d 15, 20; *see Pino v Harnischfeger*, 42 AD3d 980, 983). Contrary to plaintiffs' contention, Supreme Court properly exercised its discretion in modifying its prior order to compel discovery by directing plaintiff Atash Imanverdi to produce her Facebook page for in camera review (*see Richards v Hertz Corp.*, 100 AD3d 728, 730; *Pino*, 42 AD3d at 983; *Lidge*, 17 AD3d at 1034).

Furthermore, the court properly exercised its discretion in awarding costs and attorney's fees to defendant (*see* CPLR 3126; *Riley v ISS Intl. Serv. Sys.*, 304 AD2d 637, 637-638; *see also Danser v Carrols Corp.*, 11 AD3d 940, 940-941), and in denying plaintiffs' cross motion for a protective order (*see Rawlins v St. Joseph's Hosp. Health Ctr.*, 108 AD3d 1191, 1191-1192).

Entered:  September 27, 2013                                Frances E. Cafarell
                                                           Clerk of the Court