*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 20, 2014                    518677
_____

ALANA HARRIS,

                    Appellant,

          v                                    MEMORANDUM AND ORDER

STEVEN ERFURT et al.,

                    Respondents.
_____


Calendar Date:   October 7, 2014

Before:   Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

                         _____


          Athari & Associates, LLC, Utica (Mo Athari of counsel), for
appellant.

          Horigan, Horigan & Lombardo, PC, Amsterdam (Peter M.
Califano of counsel), for respondents.

                         _____


Lahtinen, J.P.

          Appeal from an order of the Supreme Court (Connolly, J.),
entered January 2, 2014 in Albany County, which, among other
things, denied plaintiff's cross motion for partial summary
judgment.

          Plaintiff, born in 1991, allegedly suffered injuries as a
result of being exposed to lead paint from 1991 to 1995 while
residing in an apartment owned by defendants in the City of
Albany.  After a note of issue had been filed, defendants moved
to, among other things, compel plaintiff to produce previously
demanded medical information and thereafter submit to an
independent medical examination (hereinafter IME).  Plaintiff
cross-moved for partial summary judgment on the issue of
liability and to dismiss defendants' first and third affirmative

defenses, which alleged contributory culpable conduct and failure to mitigate damages.  Supreme Court, among other things, ordered plaintiff to produce pertinent medical information regarding her alleged injuries within 30 days (or be precluded from presenting proof of such injuries at trial), and further ordered defendants to conduct an IME within 60 days of receipt of such documents. The court denied plaintiff's cross motion.  Plaintiff appeals.

Supreme Court did not abuse its discretion in permitting disclosure after the note of issue had been filed.  Although disclosure following the filing of a note of issue and certificate of readiness is limited to unusual or unanticipated circumstances (see Uniform Rules for Trial Cts [22 NYCRR] § 202.21 [d]; Boisvert v Town of Grafton, 131 AD2d 910, 911 [1987]), the trial court nonetheless has discretionary power regarding this issue as part of its oversight of disclosure (see Cole v Rappazzo Elec. Co., 267 AD2d 550, 552 [1999]).  Here, a deadline for conducting an IME had been set at a conference for a date later than when the note of issue was filed.  Supreme Court noted in its decision that plaintiff had caused a delay in complying with that deadline by refusing to provide required disclosure relevant to an IME.  Defendants filed their motion regarding such issue the same month as the deadline for an IME. Under the circumstances, Supreme Court did not abuse its discretion.

Plaintiff's cross motion for partial summary judgment on the issue of liability was properly denied.  "A landlord's liability for injuries related to a defective condition including lead paint cannot be established without proof that the landlord had actual or constructive notice of the condition for a sufficient period of time such that the condition should have been corrected" (Cunningham v Anderson, 85 AD3d 1370, 1371 [2011], lv dismissed and denied 17 NY3d 948 [2011] [citation omitted]).  The proof is viewed most favorably to the party opposing summary judgment (see e.g. McNally v Kiki, Inc., 92 AD3d 1105, 1106 [2012]).  Defendant Steven Erfurt testified that when he purchased the property in 1981, he was not informed that it had been previously cited for the presence of lead paint.  He did not recall thinking about or being aware of lead paint at such time.  There was evidence that he had received notice of lead

paint in the building by 1984. However, Erfurt claimed that he had worked in each apartment, including scraping and painting, and that he routinely cleaned and painted apartments between tenants. Erfurt did not recall when he became aware that there was an infant in the relevant apartment because plaintiff was not born until after her mother had moved into the apartment in 1991. Plaintiff's mother did not observe chipping paint in the apartment for several years and then, unaware of the risks of lead paint, she ostensibly delayed reporting the problem. The record reveals triable issues regarding actual notice as well as the constructive notice factors set forth in Chapman v Silber (97 NY2d 9, 15 [2001]; see e.g. Derr v Fleming, 106 AD3d 1240, 1241-1242 [2013]; Van Wert v Randall, 100 AD3d 1079, 1080 [2012]).

With regard to whether Supreme Court should have dismissed the affirmative defenses of contributory negligence and failure to mitigate, we note that plaintiff referenced this issue in a cursory fashion under a section of her brief arguing another issue. Nevertheless, to the extent that the issue is properly before us, we are unpersuaded that Supreme Court erred. While such defenses must be carefully limited given plaintiff's age during the relevant time, nonetheless, in light of proof that, among other things, plaintiff regularly smoked cigarettes, used marihuana and dropped out of school, she did not establish that the defenses lacked all merit as a matter of law (see Derr v Fleming, 106 AD3d at 1243-1244; Van Wert v Randall, 100 AD3d at 1081).

Stein, McCarthy, Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court