Devine, J.
Appeal from that part of an amended order of the Supreme Court (Zwack, J.), entered December 28, 2015 in Albany County, which partially denied plaintiffs’ motion to dismiss defendant’s affirmative defenses.
Defendant was in a relationship with plaintiffs’ mother and, in 2005, the two purchased real property in the City of Albany as joint tenants with right of survivorship. The couple intended to build their residence on the property and, later that year, defendant purportedly agreed to “pay in equal shares to [plaintiffs] an amount equal to all funds contributed by” their mother toward the construction if she predeceased him. The couple then executed a prenuptial agreement before they married in 2006. Plaintiffs’ mother died in 2012, leaving defendant as sole owner of the residence.
Plaintiffs commenced this action in 2015 to recover monies they were purportedly owed by defendant under the 2005 agreement. Following joinder of issue, plaintiffs moved for dismissal of all affirmative defenses asserted in defendant’s answer. Supreme Court granted the motion in part, but found that the third, fourth, sixth, seventh and tenth affirmative defenses had been properly asserted. Plaintiffs now appeal.
Plaintiffs, as the parties seeking to dismiss the affirmative defenses, bore the heavy burden of demonstrating that the defenses lacked merit as a matter of law (see CPLR 3211 [b]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 323 [1995]; Van Wert v Randall, 100 AD3d 1079, 1081 [2012]). In reviewing plaintiffs’ motion to determine whether they did so, we liberally construe the pleadings, accept the facts alleged by defendant as true and afford him the benefit of every reasonable inference (see Granite State Ins. Co. v Transatlantic Reins. Co., 132 AD3d 479, 481 [2015]; Bank of N.Y. v Penalver, 125 AD3d 796, 797 [2015]; Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 748-749 [2010]).
The third affirmative defense asserted that the 2005 agreement had not been properly executed.* While the copies of the 2005 agreement in the record appear to be signed, defendant averred in opposition to the motion to dismiss that he had not *1340 signed the agreement and that his purported signature on the copies in the record was not genuine (see Sim v Farley Equip. Co. LLC, 138 AD3d 1228, 1229 [2016]). Treating that representation as true — and noting the impropriety of plaintiffs’ efforts to call it into question with new proof in their reply papers — we cannot say that the third affirmative defense lacks merit (see Kevin Kerveng Tung, P.C. v JP Morgan Chase & Co., 105 AD3d 709, 710 [2013], lv dismissed 22 NY3d 949 [2013]; Matter of Kushaqua Estates v Bonded Concrete, 215 AD2d 993, 994 [1995]).
Plaintiffs next address the fourth affirmative defense, which attacked the 2005 agreement as violative of the statute of frauds. The statute of frauds is implicated here inasmuch as the 2005 agreement employs the death of plaintiffs’ mother as the trigger for defendant’s payment obligation (see General Obligations Law § 5-701 [a] [1]; Meltzer v Koenigsberg, 302 NY 523, 525 [1951]; Klein v Jamor Purveyors, 108 AD2d 344, 348 [1985]). The statute of frauds demands that the 2005 agreement be “subscribed by the party to be charged therewith” but, as noted above, defendant denies executing the agreement (General Obligations Law § 5-701 [a]). It is also clear that “a writing will not satisfy the statute of frauds unless it unequivocally establish [es] all the essential elements of a contractual relationship . . . such as price, terms, parties and a description of the subject matter” (McCormick v Bechtol, 68 AD3d 1376, 1378-1379 [2009] [internal quotation marks and citation omitted], lv denied 15 NY3d 701 [2010], cert denied 562 US 1063 [2010]). The 2005 agreement contemplated that an annexed schedule would specify the amount owed by defendant, but the copies of the agreement contained in the record either have a blank schedule attached or lack it altogether. The 2005 agreement further required that future contributions by plaintiffs’ mother be “added to” the schedule in some manner, but the complaint only alleges a verbal understanding as to how that amount would be calculated (see Behrends v White Acre Acquisitions, LLC, 54 AD3d 700, 701 [2008]; Pino v Harnischfeger, 42 AD3d 980, 984 [2007]; Ashkenazi v Kelly, 157 AD2d 578, 578-579 [1990]). Supreme Court was accordingly correct to determine that defendant, afforded the benefit of every favorable inference, asserted a cognizable statute of frauds defense.
Plaintiffs’ challenges to other affirmative defenses have been examined and afford no basis for disturbing the order of Supreme Court.
*1341 Peters, P.J., Clark and Aarons, JJ., concur.
Ordered that the amended order is affirmed, with costs.

 The third affirmative defense refers to “agreements” and could be read as challenging the validity of the prenuptial agreement as well as the 2005 agreement. Defendant does not dispute that he executed the prenuptial agreement, although plaintiffs did and continue to challenge its effectiveness. In any event, any defects in the acknowledgments of signatures on the prenuptial agreement do not affect its validity outside of the matrimonial *1340 context (see Domestic Relations Law § 236 [B] [3]; Matter of Sbarra, 17 AD3d 975, 976 [2005]; Singer v Singer, 261 AD2d 531, 532 [1999]).