Wright v State of N.Y. (2021 NY Slip Op 01452)





Wright v State of N.Y.


2021 NY Slip Op 01452


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

529165

[*1]Glasco Wright, Appellant,
v
State of New York, Respondent.

Calendar Date: February 11, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Glasco Wright, Elmira, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Garry, P.J.
Appeals (1) from an order of the Court of Claims (Milano, J.), entered April 18, 2019, which denied claimant's motion to renew his motion to amend the claim, and (2) from an order of said court, entered May 1, 2019, which, among other things, partially denied claimant's motion to dismiss defendant's affirmative defenses.
Claimant, an inmate convicted in 1990 of two counts of murder in the second degree (People v Wright, 176 AD2d 473 [1991], lv denied 79 NY2d 834 [1991]), commenced this action in July 2018 for damages due to his claimed loss of personal property while in defendant's custody. Specifically, claimant sought damages for the loss of his "court bag" containing his trial transcript, crime scene photos and other "court materials" during a court trip transfer in March 2017. Claimant alleged that defendant's officials failed to follow procedure governing the handling of inmate property and failed to properly investigate his property loss, and sought an award of $4,832 plus filing fees and disbursements (see CPLR 3017 [a]). Defendant answered, interposing eight affirmative defenses. In November 2018, claimant sought permission to file and serve an amended claim to raise the ad damnum clause amount in his claim to $10,000 (see CPLR 3025 [b]). Claimant asserted that the criminal court trial transcripts dated back to 1988 and 1990 and could not be located due to the death or retirement of the court reporters.[FN1] The Court of Claims denied the motion to amend, finding that, under the inmate property claim regulation (see 7 NYCRR 1700.8 [a] [4]), claimant had not shown that the trial transcripts are of any use or value in any pending or future legal proceeding, or that it was even possible to replace the transcripts and, if it were, the specific cost to do so.
Claimant thereafter moved to renew the motion to amend the ad damnum clause of the claim, which defendant opposed. The Court of Claims denied the motion, finding, among other things, that claimant failed to offer new facts that would change the prior determination denying the motion to amend or to justify why he had not asserted the claimed new facts in his original motion to amend (see CPLR 2221 [e] [3]). Claimant then moved to dismiss all of the affirmative defenses (see CPLR 3211 [b]) and asked the court to impose sanctions against defendant under CPLR 8303-a, relief that defendant opposed. The Court of Claims, by order entered May 1, 2019, partially granted claimant's motion to dismiss, by dismissing defendant's fifth, sixth, seventh and eighth affirmative defenses, and otherwise denied claimant's motion, and denied the request for sanctions. Claimant appeals from the order entered April 18, 2019 denying his motion to renew and from the order partially denying his motion to dismiss defendant's affirmative defenses.
We affirm. "A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and[*2]. . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Johnson v DiNapoli, 186 AD3d 1763, 1764 [2020]). "A motion to renew is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance," and the denial of a motion to renew will be disturbed only where it constituted an abuse of the trial court's discretion (Matter of James H. Supplemental Needs Trust, 172 AD3d 1570, 1574-1575 [2019] [internal quotation marks, brackets and citations omitted]; see Mula v Mula, 151 AD3d 1326, 1327 [2017]; Hurrell—Harring v State of New York, 112 AD3d 1217, 1218 [2013]).
In moving for renewal of his prior motion to amend the ad damnum clause of his claim, claimant relied upon correspondence that predated his prior motion to amend, documenting that he had been advised in May 2017 and thereafter that the trial transcripts in issue could not be replaced. As here relevant, the inmate lost property regulation limits compensation for lost legal papers to replacing them or paying reasonable costs to reproduce them, neither of which were shown to be available remedies (see 7 NYCRR 1700.8 [a] [4]). The remaining documents submitted on the renewal motion were available to be presented on the original motion to amend. Moreover, to the extent that they were offered on the original motion to amend, the submitted documents did not constitute "new facts" and, in any event, they were not of such a character as would change the prior determination; to the extent that the documents were not offered on the prior motion to amend, no justification was provided for the failure to present them (see CPLR 2221 [e] [2], [3]). Under these circumstances, we discern no abuse of discretion in the Court of Claims' denial of claimant's motion to renew (see Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1075 [2020]; Matter of James H. Supplemental Needs Trust, 172 AD3d at 1574-1575; Scott v Thayer, 160 AD3d 1175, 1177-1178 [2018]).
Claimant also contends that the Court of Claims erred in denying his motion to dismiss defendant's first four affirmative defenses. The motion is governed by CPLR 3211 (b), which authorizes a party to make a motion to dismiss on the ground that "a defense is not stated or has no merit" (see Siegel, NY Prac § 269 [6th ed, 2020 Update]). Claimant, as the party seeking dismissal of the affirmative defenses (see CPLR 3018 [b]), "bore the heavy burden of demonstrating that the defenses lacked merit as a matter of law" (DeThomasis v Viviano, 148 AD3d 1338, 1339 [2017]; see CPLR 3211 [b]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 323 [1995]; Pugh v New York City Hous. Auth., 159 AD3d 643, 643 [2018]; Van Wert v Randall, 100 AD3d 1079, 1081 [2012]). In reviewing claimant's dismissal motion, "we liberally construe the pleadings, accept the facts alleged by defendant [in the affirmative [*3]defenses] as true and afford [defendant] the benefit of every reasonable inference" (DeThomasis v Viviano, 148 AD3d at 1339; see CPLR 3026; Bank of N.Y. v Penalver, 125 AD3d 796, 797 [2015]; see also Faison v Lewis, 25 NY3d 220, 224 [2015]). Where there are material questions of fact, affirmative defenses should not be dismissed on the merits (see Granite State Ins. Co. v Transatlantic Reins. Co., 132 AD3d 479, 481 [2015]; 534 E. 11th St. Hous. Devt. Fund Corp. v Hendrick, 90 AD3d 541, 542 [2011]; see e.g. Pugh v New York City Hous. Auth., 159 AD3d at 643).
Defendant's first three affirmative defenses allege that claimant's property loss was due to his own comparative negligence or culpable conduct (first) or due to a third party's negligence (second), and that claimant's recovery was limited by prison directives and the lost property regulations (third). The Court of Claims correctly concluded that claimant had not shown, as a matter of law, that these affirmative defenses lacked merit and, as defendant argued, the parties' factual disputes must await trial for a resolution. That is, claimant failed to offer proof conclusively establishing that claimant did not engage in any culpable conduct related to his lost property, that defendant is the sole culpable party for that loss or that the limitations on recovery for property loss are inapplicable. Accordingly, claimant's motion to dismiss defendant's first, second and third affirmative defenses was properly denied (see CPLR 3211 [b]; Pugh v New York City Hous. Auth., 159 AD3d at 643; DeThomasis v Viviano, 148 AD3d at 1340; Granite State Ins. Co. v Transatlantic Reins. Co., 132 AD3d at 481).
Defendant's fourth affirmative defense asserted governmental immunity. In opposing claimant's motion to dismiss, defendant acknowledged that the defense of governmental immunity for discretionary acts is generally unavailable as a shield against an inmate's lost property claim. However, the claim alleged negligent investigation, a cause of action that does not exist in this state (see Ball v Miller, 164 AD3d 728, 729 [2018], lv denied 32 NY3d 911 [2018]; Hines v City of New York, 142 AD3d 586, 587 [2016]; Medina v City of New York, 102 AD3d 101, 108 [2012]; Ellsworth v City of Gloversville, 269 AD2d 654, 656-657 [2000]). As the defense of governmental function immunity for discretionary actions may preclude liability for any negligence in the investigation (see McLean v City of New York, 12 NY3d 194, 202-203 [2009]; Hines v City of N.Y., 142 AD3d at 586-587; Esposito v State of New York, 112 AD3d 1006, 1008 [2013], lv denied 23 NY3d 905 [2014]), claimant has not demonstrated that he was entitled to dismissal of this affirmative defense.
Finally, given the foregoing, claimant has not demonstrated that defendant's defenses were "without any reasonable basis in law or fact" (CPLR 8303-a [c] [ii]; see Doscher v Meyer, 177 AD3d 697, 699 [2019]) or "frivolous" (CPLR 8303-a [a], [c]). Accordingly, we perceive [*4]no abuse of discretion in the denial of claimant's request for sanctions (see CPLR 8303-a [c]; Loder v Nied, 89 AD3d 1197, 1201 [2011]; cf. Pilatich v Town of New Baltimore, 188 AD3d 1386, 1388 [2020]; Neroni v Follender, 137 AD3d 1336, 1337-1338 [2016], appeal dismissed 27 NY3d 1147 [2016]).
Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: Claimant's motion papers on his motion to amend the claim are not in the record on appeal.