Umoh v Doolity-Mills (2023 NY Slip Op 01558)

Umoh v Doolity-Mills

2023 NY Slip Op 01558

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

534970 
[*1]Nkereuwem Umoh et al., Appellants,
v
Crystal Doolity-Mills et al., Respondents, et al., Defendants.

Calendar Date:January 13, 2023 

Before:Egan Jr., J.P., Clark, Ceresia and Fisher, JJ. 

Umoh Law Firm, PLLC, Brooklyn (Nkereuwem I. Umoh of counsel), for appellants.
The Mills Law Firm, LLP, Clifton Park (Michelle M. Kulak of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (Roger D. McDonough, J.), entered February 12, 2022 in Albany County, which, among other things, partially denied plaintiffs' cross-motion for summary judgment dismissing the affirmative defenses and counterclaims of defendants Crystal Doolity-Mills and James Mills.
The parties own adjoining parcels of real property in the Town of Colonie, Albany County. In 2016, pursuant to a survey conducted the year before, defendants relocated a fence that was serving as the property line between the parties. Plaintiffs then commenced this action alleging four causes of action stemming from, as relevant here, their claim that defendants' relocation of the fence trespassed and damaged their property. Defendants joined issue and plaintiffs moved to dismiss certain affirmative defenses and counterclaims. Thereafter, in the context of a discovery dispute, plaintiffs cross-moved for summary judgment. Supreme Court, among other things,[FN1] denied plaintiffs' motion to dismiss and partially granted plaintiffs' cross-motion for summary judgment as to the third and fourth counterclaims only. Plaintiffs appeal.
We affirm. Plaintiffs, as the parties seeking to dismiss affirmative defenses on the ground that they have no merit (see CPLR 3211 [b]), failed to satisfy their "heavy burden of demonstrating that the defenses lacked merit as a matter of law" (DeThomasis v Viviano, 148 AD3d 1338, 1339 [3d Dept 2017]; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 323 [1995]). The moving affidavit was conclusory and did not offer any documentary proof challenging defendants' affirmative defenses (see Granite State Ins. Co. v Transatlantic Reins. Co., 132 AD3d 479, 483 [1st Dept 2015]). Further, when "we liberally construe the pleadings, accept the facts alleged by [the non-movants] as true and afford [them] the benefit of every reasonable inference" (DeThomasis v Viviano, 148 AD3d at 1339), we cannot say that Supreme Court erred in denying plaintiffs' motion to dismiss (see Wright v State of New York, 192 AD3d 1277, 1279 [3d Dept 2021]).
Similarly, Supreme Court did not err in partially denying plaintiffs' cross-motion for summary judgment. As the cross-movants, it was incumbent on plaintiffs to establish their entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issue of fact (see EPG Assoc., LP v Cascadilla Sch., 194 AD3d 1158, 1159 [3d Dept 2021], lv dismissed 37 NY3d 1103 [2021]). Plaintiffs' affirmation in support of their cross-motion contends that defendants had yet to establish all of the elements of their breach of contract counterclaim and, even if they could, the statute of frauds would bar same. However, this argument must fail because "their burden as the proponents of summary judgment . . . cannot be satisfied by pointing to alleged gaps in [defendants'] proof" (Palmatier v Mr. Heater Corp., 163 AD3d 1192, 1196 [3d Dept 2018]; see Burdick v Tonoga[*2], Inc., 191 AD3d 1220, 1223 [3d Dept 2021]). Nor have plaintiffs established that the statute of frauds applies, as this matter does not involve a real estate transaction or an interest in real property (see generally General Obligations Law § 5-703), but rather an allegedly encroaching fence and property damage. The parties' remaining contentions have been examined and found academic or lacking merit.
Egan Jr., J.P., Clark and Ceresia, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Supreme Court also partially granted defendants' motion to compel certain discovery from plaintiffs. Although plaintiffs initially challenged this part of the order on appeal, they conceded at oral argument that it was moot because a jury verdict in defendants' favor had been rendered two days earlier. Both attorneys are reminded of their obligation to "immediately notify" this Court when there is a change in circumstances in their matter that may render any part of their appeal moot (Rules of App Div, All Depts [22 NYCRR] § 1250.2 [c]).