Matter of Harper v Snow (2026 NY Slip Op 00684)

Matter of Harper v Snow

2026 NY Slip Op 00684

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE, JJ.

73 CAF 25-00616

[*1]IN THE MATTER OF JEFFREY R. HARPER, ESQ., PETITIONER-RESPONDENT,
vBRENT M. SNOW, RESPONDENT-APPELLANT, AND BRANDIE SALISBURY, RESPONDENT-RESPONDENT. 

MICHAEL STEINBERG, ROCHESTER, FOR RESPONDENT-APPELLANT. 
KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PETITIONER-RESPONDENT. 
ANDREW J. DIPASQUALE, ROCHESTER, FOR RESPONDENT-RESPONDENT. 

 Appeal from a decision of the Family Court, Wayne County (Arthur B. Williams, J.), entered October 10, 2024, in a proceeding pursuant to Family Court Act article 6. The decision, among other things, modified the visitation provisions of a prior order. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father purports to appeal from a document denominated "Memorandum-Decision" that modified the visitation provisions of a prior order of custody and visitation. We dismiss the appeal. "[N]o appeal lies from a [mere] decision" (Gunn v Palmieri, 86 NY2d 830, 830 [1995]; see Garcia v Town of Tonawanda, 194 AD3d 1479, 1479-1480 [4th Dept 2021]). The document here is, on its face, a mere decision (see generally CPLR 2219 [a]), and it states in the penultimate sentence that petitioner "shall draft and submit a proposed [o]rder consistent with this decision" (see Pino v Harnischfeger, 42 AD3d 980, 982 [4th Dept 2007]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court