In the Matter of ANTHONY HYNES et al., Respondents-Appellants, v CITY OF BUFFALO et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of JOSEPH FAHEY et al., Respondents, v CITY OF BUFFALO et al., Appellants. (Proceeding No. 2.) (Appeal No. 1.) [860 NYS2d 714]—

Appeals and cross appeal from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered December 20, 2006 in proceedings pursuant to CPLR article 78. The judgment granted in part the amended and supplemental petition in proceeding No. 1 and granted the petition in proceeding No. 2.

It is hereby ordered that said appeal from the judgment in proceeding No. 2 insofar as it concerns the direction to hold a civil service examination for the position of fire battalion chief is unanimously dismissed and the judgment is modified on the law by dismissing the amended and supplemental petition in proceeding No. 1 in its entirety and dismissing the petition in proceeding No. 2 in part and vacating the award of attorneys' fees, costs and disbursements in each proceeding and as modified the judgment is affirmed without costs.

Memorandum: These proceedings were consolidated for appeal, and the petitioners in proceeding No. 1 seek, inter alia, to compel the respondents, the City of Buffalo (City) and the City's Commissioner of Human Resources, to reinstate certain eligibility lists for positions within the City's Fire Department and to make permanent certain proposed promotions. The petitioners in proceeding No. 2 seek, inter alia, to compel those same respondents to conduct a civil service examination for the position of fire battalion chief.

We conclude that Supreme Court properly denied the petitioners' motion for a default judgment in each proceeding based on the respondents' failure to comply with CPLR 7804 (d) and (e) in answering the amended and supplemental petition in proceeding No. 1 and the petition in proceeding No. 2. Even assuming, arguendo, that the respondents' answers were technically deficient pursuant to CPLR 7804 (d) and (e), we note that the determination whether to grant a default judgment is

discretionary (*see* CPLR 7804 [e]), and the court did not abuse its discretion in denying the petitioners' motion. The allegedly insufficient answers were not "misleading and [did not] communicate[ ] an unfair and inaccurate picture to the court," and thus there was no "manifest unfairness" to justify a judgment in favor of the petitioners (*Matter of Bellman v McGuire*, 140 AD2d 262, 265 [1988]). Contrary to the contention of the petitioners, "[t]here existed . . . [an] adequate record upon which [the court] could make its determination" (*Duquin v Colucci*, 55 AD2d 832 [1976]).

Contrary to the further contention of the petitioners, the court properly concluded that the respondents' determination to permit the eligibility lists at issue to expire was not arbitrary, nor was it made in bad faith (*see generally Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 386 [1997]). The petitioners thus were not entitled to have the eligibility lists revived or the appointments proposed from those lists processed.

Inasmuch as a new civil service examination for the position of fire battalion chief has now been held, that part of the respondents' appeal from the judgment in proceeding No. 2 directing that such an examination be held must be dismissed as moot (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Contrary to the further contention of the respondents, the remainder of the relief sought by the petitioners in proceeding No. 2 is justiciable inasmuch as the judgment directing the respondents in that proceeding to hold civil service examinations for all provisional appointments lasting for a period of one month affects the rights of the parties (*cf. Ramunno v Skydeck Corp.*, 30 AD3d 1074 [2006]).

With respect to the judgment, however, we agree with the respondents that the court erred in awarding attorneys' fees to the petitioners in each proceeding. "Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (*Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). That is not the case here. We have considered the petitioners' contentions concerning the propriety of the award of attorneys' fees and conclude that they are without merit. We therefore modify the judgment accordingly. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.