■ In the Matter of SAN DIEGO GAS & ELECTRIC COMPANY, Respondent, v MORGAN STANLEY SENIOR FUNDING, INC., Appellant. [25 NYS3d 192]—

Order and judgment (one paper), Supreme Court, New York County (Paul Wooten, J.), entered September 22, 2015, granting the petition by directing production of the documents and communications sought, and denying respondent's cross motion to dismiss, unanimously modified, on the law and in the exercise of discretion, to the extent of directing an in camera inspection of the documents and communications withheld, and otherwise affirmed, without costs. Appeal from order and purported judgment (one paper), same court and Justice entered on or about September 18, 2015 and denominated an order and judgment, unanimously dismissed, without costs, as superseded by the appeal from the September 22, 2015 order and judgment.

Petitioner seeks to enforce compliance with a subpoena seeking documents for use in a pending California litigation between petitioner and a nonparty energy company called NaturEner. Respondent, Morgan Stanley Senior Funding, Inc., has withheld certain documents, identified in a privilege log,

based upon the common interest doctrine. Petitioner, a California utility, entered into two contracts with nonparty NaturEner related to the development of Rim Rock, a wind farm project in Montana. One contract obligated petitioner to purchase renewable energy credits from NaturEner and the other required petitioner to make an equity capital contribution in Rim Rock. Petitioner claims that based upon NaturEner's failure to fulfill certain terms of the agreements, its performance under the two contracts is excused. At about the same time, Morgan Stanley entered into a construction loan agreement with NaturEner to finance building Rim Rock. It also entered into an agreement with NaturEner to purchase power generated by Rim Rock and another agreement with petitioner to sell it the power generated by Rim Rock. The agreements to purchase and sell power were linked to petitioner's obligation to fulfill its equity commitment to NaturEner (*see San Diego Gas & Elec. v NaturEner USA LLC*, Cal Super Ct, San Diego County, Oct. 29, 2015, Meyer, J., case No. 37-2013-00080682). In 2013, when concerns arose regarding petitioner's performance under the Rim Rock agreements, NaturEner and Morgan Stanley claimed they were working together to develop a common legal strategy in response.

NaturEner defaulted on its loans to Morgan Stanley, which Morgan Stanley claims was caused by petitioner's failure to capitalize Rim Rock. In July 2014, Morgan Stanley, through an affiliate, acquired a majority equity interest in NaturEner. Petitioner is only seeking documents generated before the 2014 acquisition.

The common interest privilege is an exception to the rule that the presence of a third party will waive a claim that a communication is confidential. It requires that the communication otherwise qualify for protection under the attorney-client privilege and that it be made for the purpose of furthering a legal interest or strategy common to the parties asserting it (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 124 AD3d 129, 130 [1st Dept 2014]).

We find that Morgan Stanley and NaturEner shared a common interest in their desire to have plaintiff comply with its contractual obligations under the Rim Rock agreements. The fact that respondent and defendant were in a debtor-creditor relationship did not make their interests adverse in all matters and at all times (*see 330 Acquisition Co., LLC v Regency Sav. Bank, F.S.B.*, 12 AD3d 214 [1st Dept 2004]). Under the circumstances, the court should have ordered an in camera inspection, the limited relief requested in the petition (*see*

*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 381 [1991]; *see also Clair v Fitzgerald*, 63 AD3d 979 [2d Dept 2009]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.