■ VICTOR LEVY, Appellant, v ARBOR COMMERCIAL FUNDING, LLC, et al., Respondents. [29 NYS3d 364]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered December 19, 2014, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion to amend the complaint, unanimously modified, on the law, to the extent of reinstating plaintiff's second cause of action for breach of contract and remanding for further consideration of this claim on the merits, and otherwise affirmed, without costs.

The motion court incorrectly determined that an alleged conversation between the parties' counsel during a federal forfeiture proceeding involving the condominium unit at issue in this action is rendered inadmissible by the common-interest privilege. The common interest privilege serves as an exception to the general rule that the presence of a third party at a communication between counsel and client will waive a claim that a communication is confidential (*see Matter of San Diego Gas & Elec. Co. v Morgan Stanley Senior Funding, Inc.*, 136 AD3d 547 [1st Dept 2016]). "Under this doctrine, a third party may be present at the communication between an attorney and a client without destroying the privilege if the communication is for the purpose of furthering a nearly identical legal interest shared by the client and the third party" (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 124 AD3d 129, 130 [1st Dept 2014]). Here, while it may be the case that during the federal action, plaintiff and defendants sought to establish the validity of their mortgage interests in the condominium, as well as to expedite the sale of the condominium to limit potential investment losses, this is of no moment, because the common inter-

est doctrine does not create a privilege. Rather, it operates only to prevent waiver of the attorney client privilege and is, therefore, inapplicable in this case.

Moreover, we decline to expand the doctrine to cover this unusual scenario where communications between two attorneys, who do not allege that they were operating under any confidentiality agreement, or otherwise had some expectation of confidentiality, can prevent their discussions from being disclosed or used as evidence in a later litigation between the same two parties who are now adversaries in a separate litigation. Indeed, as plaintiff aptly notes, *Ambac Assur. Corp.* (124 AD3d 129 [1st Dept 2014]) does not hold that communications subject to the common interest privilege are considered privileged as between the parties themselves in a later dispute; rather, the communications between the parties are privileged with respect to third parties. This interpretation of the common interest privilege makes perfect sense, as the attorney client privilege is meant to operate as a shield or a sword, but not both at once (*see United States v Bilzerian*, 926 F2d 1285, 1292 [2d Cir 1991], *cert denied* 502 US 813 [1991]; *cf. People v Osorio*, 75 NY2d 80 [1989]).

We further note, not incidentally, that the allegedly privileged communications were openly stated in plaintiff's motion papers and are recited again on appeal; there is no indication in the record of any efforts defendants took to seek a protective order, strike them from the record, or otherwise protect against waiver. Therefore, this evidence may be used by plaintiff and the court in its consideration of plaintiff's claims on their merits.

The motion court properly denied plaintiff's cross motion for leave to amend his complaint to assert causes of action demanding a return of nearly $2 million transferred to defendants. Plaintiff's alleged damages cannot be reasonably inferred, given the documentary evidence submitted on defendants' motion showing that plaintiff recovered the full amount of the funds transferred to defendants (*see Risk Control Assoc. Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C.*, 127 AD3d 500 [1st Dept 2015]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.