# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**278**
**CA 16-01325**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

EUGENE MARGERUM, JOSEPH FAHEY, TIMOTHY HAZELET,
PETER KERTZIE, PETER LOTOCKI, SCOTT SKINNER,
THOMAS REDDINGTON, TIMOTHY CASSEL, MATTHEW S.
OSINSKI, MARK ABAD, BRAD ARNONE, DAVID DENZ,
PLAINTIFFS-RESPONDENTS,
ET AL., PLAINTIFF,

V                                              MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO DEPARTMENT OF
FIRE, DEFENDANTS-APPELLANTS,
AND LEONARD MATARESE, INDIVIDUALLY AND AS
COMMISSIONER OF HUMAN RESOURCES FOR CITY OF
BUFFALO, DEFENDANT.

---

HODGSON RUSS LLP, BUFFALO (JOSHUA FEINSTEIN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CHIACCHIA & FLEMING, LLP, HAMBURG (ANDREW P. FLEMING OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered October 23, 2015. The order denied the motion of defendants for a protective order.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of defendants' motion seeking a protective order limiting the disclosure of any privileged or confidential material generated after February 3, 2006 and as modified the order is affirmed without costs.

Memorandum: Plaintiffs, firefighters employed by defendant City of Buffalo Department of Fire (Fire Department), commenced this action alleging that defendants discriminated against them by allowing promotional eligibility lists created pursuant to the Civil Service Law to expire solely on the ground that plaintiffs, who were next in line for promotion, were Caucasian. The eligibility lists were generated following civil service examinations in 1998 and 2002. Because minorities fared poorly on those examinations, there were few, if any, minority applicants on the eligibility lists. Men of Color Helping All Society, Inc. (MOCHA), an organization of African-American firefighters employed by the Fire Department, commenced two actions in federal court alleging that the 1998 and 2002 examinations for the position of lieutenant were discriminatory.

In 2005 and 2006, while the federal actions were pending, defendant Leonard Matarese, then Commissioner of Human Resources for defendant City of Buffalo (City), decided to allow the eligibility lists for all supervisory positions that were generated from the 2002 examinations to expire without granting a typical one-year extension. In addition to prompting plaintiffs to commence this action, that decision spawned related CPLR article 78 proceedings (*see Matter of Hynes v City of Buffalo,* 52 AD3d 1216; *Matter of Hynes v City of Buffalo*, 52 AD3d 1217) and arbitration proceedings (*see Matter of Buffalo Professional Firefighters Assn., Inc., IAFF Local 282 [City of Buffalo]*, 79 AD3d 1737, *lv dismissed* 17 NY3d 854, *rearg denied* 18 NY3d 836).

In the context of this action, we initially affirmed that part of an order denying defendants' CPLR 3211 motion to dismiss the complaint but concluded that Supreme Court erred in granting plaintiffs' cross motion for partial summary judgment on liability (*Margerum v City of Buffalo*, 63 AD3d 1574 [*Margerum I*]).  Fourteen days after our decision in *Margerum I*, the United States Supreme Court issued its decision in *Ricci v DeStefano* (557 US 557), establishing a new test for liability in discrimination cases such as this one.  The Court held that, "before an employer can engage in intentional discrimination for the asserted purpose of avoiding or remedying an unintentional disparate impact, the employer must have a strong basis in evidence to believe it will be subject to disparate-impact liability if it fails to take the race-conscious, discriminatory action" (*id.* at 585).

Relying on *Ricci's* "strong basis in evidence" test, plaintiffs again moved for partial summary judgment on liability.  We affirmed the order granting that motion (*Margerum v City of Buffalo*, 83 AD3d 1575 [*Margerum II*]), and the matter proceeded to trial on damages.  On the appeal from the subsequent judgment, we modified the damages award (*Margerum v City of Buffalo*, 108 AD3d 1021, *mod* 24 NY3d 721 [*Margerum III*]).  Both parties appealed to the Court of Appeals, which concluded that "whether the City had 'a strong basis in evidence to believe it [would] be subject to disparate-impact liability' at the time that it terminated the promotion eligibility lists while the *MOCHA* litigation was still pending raises issues of fact that cannot be determined on motions for summary judgment" (*Margerum III*, 24 NY3d at 732).  The Court found that "[t]here must be a credibility assessment of the City's position as to the validity of the examinations, the prospects in the federal litigation, and the reasons for its decision to expire the promotion eligibility lists.  We know that Matarese decided to let the promotion eligibility lists expire in 2005 and 2006.  What we do not know is why" (*id.*).  The Court remitted the matter to Supreme Court for further proceedings.

Following the Court of Appeals' remittitur, plaintiffs submitted a request for the production of documents in which they sought disclosure of "[a]ny and all documents Leonard Matarese reviewed and/or relied upon *prior to* making the decisions to terminate the [applicable] Civil Service promotion lists . . . in 2005 and 2006" (emphasis added).  Defendants thereafter moved for a protective order

in which they sought eight forms of relief.  In the first two requests, defendants requested that the court "declin[e] to follow the direction of the Court of Appeals" in *Margerum III* (24 NY3d 721) and to stay further proceedings until various issues, including the privilege issues, could be resolved.  The court denied those two requests in their entirety.

In the third request, defendants sought to maintain privileges over materials during the discovery process, while allowing them to use the materials at trial under appropriate confidentiality restrictions.  In the fourth request, defendants sought to limit the disclosure of privileged or confidential material to three specific subject areas and "to the period prior to February 3, 2006."  The court denied those two requests without prejudice to renew.

The court likewise denied the fifth through eighth requests without prejudice to renew, but the parties subsequently entered into an agreement concerning those requests.  We thus do not address them on this appeal.

Defendants initially contend that we should conduct a de novo review of the order denying their motion on the ground that their contentions involve questions of law for which we need not defer to the trial court.  The cases cited by defendants in support of their contention, however, do not involve discovery disputes (*see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 521; *Bush v Delaware, Lackawanna & W. R.R. Co.*, 166 NY 210, 227).  We reject defendants' contention and see no need to depart from our traditional standard of reviewing the order for either an abuse of discretion (*see Imanverdi v Popovici*, 109 AD3d 1179, 1179), or an improvident exercise of discretion (*see Kimmel v State of New York*, 302 AD2d 908, 908).

Contrary to defendants' contention, the court did not abuse its discretion in denying the first and second requests, which essentially asked the court to ignore or disregard the Court of Appeals' decision in *Margerum III* based on defendants' belief that the Court of Appeals improperly expanded the holding of *Ricci*.  We decline to do so as well.  It is axiomatic that the Appellate Division and the trial courts are "court[s] of precedent and [are] bound to follow the holding of the Court of Appeals" (*Jiannaras v Alfant,* 124 AD3d 582, 586, *affd* 27 NY3d 349).  We thus reject defendants' challenges to the decision of the Court of Appeals.  Contrary to defendants' further contention, the court did not improvidently exercise its discretion in denying their request for a stay of further proceedings until the privilege issues could be resolved (*see* CPLR 2201).

With respect to defendants' third and fourth requests, in which defendants raised issues of privilege, we agree with defendants that the court erred in denying that part of their motion that sought to limit disclosure to documents that were reviewed and/or relied upon by Matarese before he made the decision to allow the applicable Civil Service promotion lists to expire.  First, those were the only

documents sought in plaintiffs' demand for documents and, second, only those documents generated before February 3, 2006, the date on which Matarese let the last list expire, are relevant to the determination whether defendants had " 'a strong basis in evidence to believe it [the City] [would] be subject to disparate-impact liability' *at the time that it terminated the promotion eligibility lists*" (*Margerum III*, 24 NY3d at 732 [emphasis added]).  We therefore modify the order accordingly.

Contrary to defendants' further contentions, the court properly denied, without prejudice, that part of their fourth request for a protective order for documents generated before February 3, 2006. Although defendants correctly contend that the holding of the Court of Appeals in *Margerum III* seemingly requires them to disclose privileged material, there are times when even privileged material must be disclosed.  For example, a client may be deemed to have waived the attorney-client and work product privileges by making selective disclosures of the advice, or in instances "where invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information" (*Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 834, 835; *see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust*, 43 AD3d 56, 63-64; *cf. Heckl v Walsh*, 130 AD3d 1447, 1448). Moreover, materials covered by a "conditional privilege," such as the privilege for materials prepared in anticipation of litigation (*Matter of Grand Jury Proceedings [Doe]*, 56 NY2d 348, 354), may be disclosed but "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means" (CPLR 3101 [d] [2]).  It cannot be gainsaid that privileges are "meant to operate as a shield or a sword, but not both at once" (*Levy v Arbor Commercial Funding, LLC*, 138 AD3d 561, 562).

Ultimately, "resolution of the issue 'whether a particular document is . . . protected is necessarily a fact-specific determination . . . , most often requiring in camera review' " (*Optic Plus Enters., Ltd. v Bausch & Lomb Inc.*, 37 AD3d 1185, 1186, quoting *Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378).  We thus conclude that, inasmuch as there may be a valid basis for disclosure of privileged materials, the court properly denied that part of defendants' fourth request seeking a blanket protective order encompassing the period before February 3, 2006.

We have reviewed defendants' remaining contentions and conclude that they lack merit.


Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court