Stafford v A&E Real Estate Holdings, LLC (2021 NY Slip Op 01956)





Stafford v A&E Real Estate Holdings, LLC


2021 NY Slip Op 01956


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 655500/16 Appeal No. 13467N Case No. 2020-04125 

[*1]John Stafford, et al., Plaintiffs-Appellants,
v
A&E Real Estate Holdings, LLC et al., Defendants-Respondents.


Newman Ferrara LLP, New York (Roger Sachar of counsel), for appellants.
Baker & Hostetler LLP, New York (John Siegal of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered September 18, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to compel production of documents involving plaintiffs' communications with the Housing Rights Initiative (HRI), unanimously affirmed, with costs.
We find that the trial court providently exercised its discretion by determining that the communications at issue were not privileged and by compelling the production of these communications. The common interest privilege "requires that the communication otherwise qualify for protection under the attorney-client privilege and that it be made for the purpose of furthering a legal interest or strategy common to the parties asserting it" (Matter of San Diego Gas & Elec. Co. v Morgan Stanley Senior Funding, Inc., 136 AD3d 547, 548 [1st Dept 2016]). Plaintiffs, as "[t]he proponent of the privilege[,] bear[] the burden of establishing that the information sought is immune from disclosure" (People v Greenberg, 50 AD3d 195, 200 [1st Dept 2008] citing Spectrum Sys. Intl. Corp. v. Chemical Bank, 78 NY2d 371, 377 [1991]).
Here, plaintiffs assert that their communications with HRI and counsel were for the purposes of litigation planning and strategy. However, plaintiff failed to meet its burden of establishing that HRI has any interest in this litigation for the common interest privilege to apply.
Moreover, we reject plaintiffs' reliance on Real Property § 230(1) to create a blanket privilege protecting tenants' communications with HRI. The statute provides, in relevant part, "No landlord shall interfere with the right of a tenant to form, join or participate in the lawful activities of any group, committee or other organization formed to protect the rights of tenants." However, plaintiffs failed to meet their burden of establishing that these communications were privileged. Plaintiffs failed to submit any specific information concerning HRI's role in this litigation, whether it acted as an agent for the attorneys or plaintiffs, or how HRI facilitated communications between plaintiffs and their attorneys. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021