2138747 Ontario Inc. v Lehman Bros. Holdings, Inc. (2022 NY Slip Op 02936)

2138747 Ontario Inc. v Lehman Bros. Holdings, Inc.

2022 NY Slip Op 02936

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 156759/17 Appeal No. 15852 Case No. 2021-02746 

[*1]2138747 Ontario Inc., Plaintiff-Appellant,
v
Lehman Brothers Holdings, Inc., Defendant-Respondent.

Ressler & Ressler, New York (Ellen R. Werther of counsel), for appellant.
Norton Rose Fulbright US LLP, New York (Lauren T. Lee of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about June 29, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion to compel disclosure of documents and communications between plaintiff and its current and former counsel relating to an assignment of a cause of action and to plaintiff's litigation strategy in a prior lawsuit, unanimously affirmed, with costs.
The court properly determined that plaintiff waived the attorney-client privilege by placing the subject matter of its attorneys' advice at issue in this case and then by making selective disclosure of that advice (see Orco Bank v Proteinas Del Pacifico, 179 AD2d 390, 390 [1st Dept 1992]; see also Levy v Arbor Commercial Funding, LLC, 138 AD3d 561, 562 [1st Dept 2016]). While plaintiff now disavows any intention to use privileged communications and documents in the prosecution of its cause of action against defendant, it was required to use them for its malpractice claim and selectively disclosed communications (see Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth., 168 AD3d 569, 571-572 [1st Dept 2019]; cf. Securitized Asset Funding 2011-2, Ltd. v Canadian Imperial Bank of Commerce, 191 AD3d 486, 487 [1st Dept 2021] [privilege was not waived, since, "under the particular circumstances . . ., the . . . defense and counterclaim can be fairly litigated based on other available, nonprivileged evidence including the testimony of nonlawyers"]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022