3 E. 54th N.Y. LLC v Chatiris (2024 NY Slip Op 01244)

3 E. 54th N.Y. LLC v Chatiris

2024 NY Slip Op 01244

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Index No. 158927/21 Appeal No. 1822 Case No. 2023-00773 

[*1]3 East 54th New York LLC, Plaintiff-Appellant,
v
Ioannis Chatiris, Defendant-Respondent.

Harwood Reiff LLC, New York (Donald A. Harwood of counsel), for appellant.

Order, Supreme Court, New York County (Paul A. Goetz, J.) entered on or about December 12, 2022, which denied plaintiff's motion for summary judgment and sua sponte dismissed the complaint, unanimously reversed, on the law, without costs, the complaint reinstated, plaintiff's motion granted as to liability, and the matter remanded for further proceedings on damages.
Plaintiff demonstrated entitlement to its unopposed motion for summary judgment as to liability on its claim for amounts due under defendant's guaranty by establishing the existence of "an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarant[y]" (Kensington House Co. v Oram, 293 AD2d 304, 305 [1st Dept 2002]). In this case, plaintiff expressly sought to recover amounts that became due as of July 1, 2021, outside the period set forth in Administrative Code of City of NY § 22-1005 (the guaranty law), which purports to preclude the enforcement of certain lease guaranties during a limited period of repose between March 7, 2020 and June 30, 2021.
On that basis, the motion court's sua sponte dismissal of the complaint was improper both procedurally and substantively (see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [1st Dept 2021]). Plaintiff acknowledges that the guaranty law applies to the period preceding July 1, 2021 because the leased premises to which defendant's guaranty applied was a restaurant that was subject to Executive Order 202.3, and defendant-guarantor is a natural person. As plaintiff correctly reasons, however, it was entitled to summary judgment because the complaint and motion expressly limited the damages sought on the breach of guaranty claim to those accruing on or after July 1, 2021, which is outside the applicable period of the guaranty law (id.; see also Tamar Equities Corp. v Signature Barbershop 33 Inc., 223 AD3d 421 [1st Dept 2024]). This differs from the circumstances in 274 Madison Co., LLC v Vieira (205 AD3d 403 [1st Dept 2022], lv dismissed 39 NY3d 1062 [2023]), on which the motion court relied, in which we rejected the plaintiff-landlord's attempt to collect accelerated rents based on a default that occurred during the guaranty law's period of protection (id. at 404-405). Here, plaintiff is not seeking to accelerate all rents due under the lease or collect amounts due during the guaranty law's applicability, but rather to collect amounts due under the lease outside the statutory period to the extent they are due and owing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024